**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SHERRIE JOHNSON, | |
| Plaintiff, | |
| vs. | Case No. 2:14–cv–2213–JAD–VCF |
| CLARK COUNTY SCHOOL DISTRICT, | **ORDER** |
| Defendant. | |

This matter involves Sherrie Johnson's employment-discrimination action against Clark County School District. Before the court is Johnson's application to proceed *in forma pauperis* (#1[1]) and complaint (#1-1). For the reasons stated below, Johnson's application to proceed *in forma pauperis* is granted and she is directed to file an amended complaint by January 23, 2015.

## *IN FORMA PAUPERIS* APPLICATION

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002). Here, Plaintiff asserts in her application to proceed

---

[1] Parenthetical citations refer to the court's docket

*in forma pauperis* that she is unemployed, has no money in a bank account, and that her liabilities exceed her assets and income, which is $216.00 per month. Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted.

## LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry

is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where a *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**DISCUSSION**

Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990, prohibit employment discrimination on the basis of race, color, religion, sex, national origin, age, or disability. While Congress has authorized individuals and the Equal Employment Opportunity Commission to bring suits to enforce these statutes when certain conditions are met, "[c]ooperation and voluntary compliance were selected as the preferred means for achieving th[e] goal" of equal employment opportunity. *Alexander v. Gardner-Denver Co*., 415 U.S. 36, 44 (1974).

Toward that end, "Congress established an integrated, multistep enforcement procedure culminating in the Commission's authority to bring a civil action in a federal court." *Occidental Life Ins. Co. v. Equal Emp't Opportunity Comm'n*, 432 U.S. 355, 359 (1977). First, a charge of discrimination must be "filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission" alleging an "unlawful employment practice." 42 U.S.C. § 2000e-5(b). The charge of discrimination must be filed with the relevant administrative agency within 180 days of the last action of discrimination. Second, upon receipt of the charge, the Commission "shall serve a notice of the charge . . . on such employer" and "shall make an investigation thereof." *Id*. If, as here, the administrative agency dismisses the charge, the plaintiff has 90 days from the date that the administrative agency issues a right-to-sue letter to commence an action in federal court. 42 U.S.C. § 2000e-5(e)(1).

When an aggrieved employee commences an action in federal court, he or she may only litigate claims that were included in the administrative charge. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990); *see also Pope v. Motel*, 6, 114 P.3d 277, 280–81 (Nev. 2005) (applying same exhaustion standard to discrimination claims before the Nevada Equal Rights Commission).[2] Here, Johnson commenced a timely action alleging that the Clark County School District retaliated against her and discriminated against her on the basis of her age, race, religion, and disability. (*See generally* Compl. (#1-1) at 3–6, 14–16).[3] Each claim is addressed in turn.

---

[2] Non-listed claims may be considered administratively exhausted where they are "like or reasonably related to the allegations made before the EEOC . . . [or] within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citation and quotation marks omitted).

[3] Some of Johnson's allegations appear in administrative documents that are appended to her complaint. Although a court is generally prohibited from referring to matters outside the pleadings when deciding whether a complaint should be dismissed, *see* FED. R. CIV. P. 12(d), the court may consider exhibits attached to the pleading, matters of which the court may take judicial notice, and "items of unquestioned authenticity that are referred to in the challenged pleading and are 'central' or 'integral' to the pleader's claim for relief" do not require conversion. 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D §§ 1366 at 183–86; *see also Stone*

First, Johnson alleges that the Clark County School District retaliated against her for filing a charge with the Equal Opportunity Employment Commission. To state a prima facie case of retaliation in violation of Title VII, the Plaintiff must plausibly allege: (1) that she committed a protected act, such as complaining about discriminatory practices; (2) that she suffered some sort of adverse employment action; and (3) there is a causal connection between her action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008).

Johnson's complaint and appendices satisfy these elements. She alleges that she was terminated in 2013, filed a charge with the EEOC, was rehired, and then terminated again. (*See* Doc. #1-1 at 14). Johnson alleges that Principal Shawn Boyle, who was the subject of Johnson's previous EEOC charged, contacted Principal Trent Day, "to inform him that I had previously exercised my right to file with the EEOC." (*Id.*) This allegedly resulted in Johnson's second termination. (*See id.*)

Second, Johnson alleges that the Clark County School District discriminated against her on the basis of her age. To state a prima facie case for age discrimination under the ADEA, the Plaintiff must plausibly allege and she was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207–08 (9th Cir. 2008). Johnson's complaint and appendices also satisfy these elements. She alleges that she is 53 years old, (*see* Doc. #1-1 at 16), told that she would be mistreated "until I go somewhere and die," (*id.* at 6), and that she was terminated and replaced by a thirty-five year old employee.

---

*v. Writer's Guild of Am. West Inc.*, 101 F.3d 1312, 1313–14 (9th Cir. 1996) (permitting consideration of a collective bargaining agreement).

Third, Johnson alleges that the Clark County School District discriminated against her on the basis of her race and religion. To state a prima facie case of discrimination in violation of Title VII, the Plaintiff must allege: (1) she belonged to a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (4) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Johnson's complaint and appendices satisfy these elements with regard to religion, but not race. Johnson alleges that she is Catholic, (*see* Doc. #1-1 at 16), "was told my by manager's secretary that I was too religious," and was eventually terminated. However, Johnson's complaint and appendices contain no indicia of racial discrimination. As stated above, to state a claim upon which relief can be granted, Johnson must provide sufficient factual matter to allege a plausible claim of discrimination.

Fourth, Johnson alleges that the Clark County School District discriminated against her on the basis of her disability. "[T]o establish a prima facie case of discrimination under the ADA, a plaintiff must show that she: (1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of her disability." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). Johnson failed to satisfy these elements because she does not allege to be disabled.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS FURTHER ORDERED that Plaintiff shall have until January 23, 2015, to file her amended complaint, if she believes she can correct the noted deficiencies regarding her race-discrimination and disability-discrimination claims. **The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court**.

IT IS FURTHER ORDERED that Plaintiff must clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption along with the case number, 2:14–cv–2213–JAD–VCF. Plaintiff is expressly cautioned that if she does not file an amended complaint, her race-discrimination and disability-discrimination claims will be dismissed with prejudice. In that event, the court will direct service of the remaining claims after the time for filing an amended complaint has run.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 8th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE