UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sherrie Johnson,<br><br>  Plaintiff<br><br>v.<br><br>Clark County School District,<br><br>  Defendant | Case No.: 2:14-cv-02213-JAD-VCF<br><br>**Order Denying Motion for Clerk's Entry of Default and Directing Plaintiff to Show Cause Why This Case Should Not Be Dismissed for Incomplete Service [ECF 20]** |

*Pro se* plaintiff Sherrie Johnson brings this employment action against the Clark County School District ("CCSD").[1] Although a summons was issued for the CCSD on May 6, 2015,[2] Johnson did not promptly file proof of service. So, on August 5, 2015, when it appeared that Johnson had not served the CCSD within the 120-day window that Rule 4 of the Federal Rules of Civil Procedure ("FRCP") gives plaintiffs for service, the court notified Johnson of its intent to dismiss this case under FRCP 4(m) if she could not demonstrate that the CCSD was timely and properly served or show good cause for her failure to effectuate timely service.[3]

On August 13, 2015, Johnson filed a document that reflects she mailed something to the CCSD via certified mail and the CCSD received that package on June 27, 2015. She states she "sent the summit [sic] out on time" and that "CCSD received a letter 6/27/2015" but has not contacted her.[4] Johnson moves the Clerk of Court to enter a default against the CCSD.[5] Because I cannot conclude from the papers that Johnson has filed that she has properly served the CCSD with the summons and complaint in this case in compliance with the law, I deny her motion for default and

---

[1] ECF 4.

[2] ECF 15.

[3] ECF 18.

[4] ECF 19 at 1.

[5] ECF 20.

1

give Johnson until February 15, 2016, to show cause why this case should not be dismissed for failure to effectuate proper and timely service on the CCSD.

## Discussion

Johnson is a pro per plaintiff with pauper status. She claims she timely and properly served the CCSD by sending the summons and copy of the complaint to the district via certified mail to an address on Flamingo Road in Las Vegas, Nevada.[6] The CCSD is a political subdivision of the State of Nevada. Section 41.031(2) of the Nevada Revised Statutes dictates the method for serving the CCSD. It requires a plaintiff to serve the CCSD by serving the summons and complaint on *both* the head of the CCSD *and* the Attorney General's office:

> In an action against the State of Nevada, the summons and a copy of the complaint must be served upon: (a) the Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; and (b) the person serving in the office of the administrative head of the named agency.[7]

Johnson has not demonstrated that she served the summons and complaint on the CCSD by serving these two separate offices.[8] The docket does not reflect that she provided the CCSD with her complaint or that service was made on the Attorney General *and* the person serving in the office of administrative head of the Clark County School District as required under NRS 41.031. As a result, she has not shown that the CCSD's obligation to answer has been triggered and that the CCSD is in default of that obligation. Accordingly,

IT IS HEREBY ORDERED that **plaintiff's Motion for Entry of Clerk's Default [ECF 20] is DENIED.**

---

[6] ECF 17.

[7] Nev. Rev. Stat. § 41.031(2).

[8] Although the rules governing service of process can be confusing, and the court is sensitive to this challenge, Johnson is not relieved of her obligation to comply with the rules and procedures of this court simply because she has not retained, or cannot afford, an attorney to represent her. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

IT IS FURTHER ORDERED that plaintiff **Sherrie Johnson has until February 15, 2016, to file a document with the court in which she shows cause why this action should not be dismissed under FRCP 4m for failure to effectuate proper and timely service.  If Johnson does not file a document showing good cause by February 15, 2016, this case will be dismissed in its entirety without prejudice.**

DATED January 19, 2016.

_____
Jennifer A. Dorsey
United States District Judge