UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Sherrie Johnson,

    Plaintiff

v.

Clark County School District,

    Defendant

Case No.: 2:14-cv-02213-JAD-VCF

**Order Quashing Service, Extending Time to Serve Under FRCP 4(m), and Providing Further Instruction**

Sherrie Johnson brings this employment action against the Clark County School District ("CCSD").[1] Because it appeared that Johnson had not served the CCSD with process in the manner required under NRS 41.031(2)—by serving both the Nevada Attorney General's office and the administrative head of the CCSD with the summons and a copy of the complaint—I ordered Johnson to show cause by February 15, 2016, why this case should not be dismissed without prejudice under FRCP 4(m).[2] Johnson responded with a certified-mail receipt purportedly signed by CCSD on June 22, 2015, a statement that she gave verbal notice of the "lost documents" to a woman in CCSD's "internal legal department,"[3] and a notice stating that she had mailed and emailed "[i]t" to the attention of the Nevada Attorney General on February 6, 2016.[4]

It appears that Johnson believes that her efforts were sufficient to serve the administrative head of the CCSD and that she has cured the defect in failing to serve the Attorney General's office. But neither verbal communication nor dispatching the summons and complaint through email or the U.S. mail system (even certified mail) is sufficient to effectuate service of process under the Nevada

---

[1] ECF 4.

[2] ECF 21.

[3] ECF 22; ECF 23.

[4] ECF 24.

1

or federal rules. Both rules require personal service,[5] which means hand-delivery to the individual, or to the individual's authorized agent, by someone who is at least 18 years old and not a party to the litigation.[6] Because Johnson's efforts to serve the CCSD and Attorney General are deficient, and the time to serve them with process under FRCP 4(m) has expired, I have two options at this juncture: (1) dismiss the action without prejudice; or (2) quash any purported service and order that proper service be made within a specified time.

Taking into account that Johnson is a pro per plaintiff with pauper status,[7] and because it appears that proper service can be effected, in exercise of my discretion under FRCP 4(m), I quash any purported service on the CCSD and Attorney General and order that **Johnson has until March 31, 2016**, to properly serve both of them in accordance with the applicable law. And because Magistrate Judge Ferenbach's order granting Johnson pauper status provides that she is "permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees, costs, or security,"[8] I also order that service on the CCSD and Attorney General is to be effected through the U.S. Marshal.

Accordingly, and for good cause shown, IT IS ORDERED that plaintiff Sherrie Johnson has **until March 31, 2016**, to properly serve the Clark County School District and the Nevada Attorney General with summons and a copy of the complaint.

. . .

---

[5] *See e.g.* FED. R. CIV. P. 4(j)(2) (providing that a "state-created governmental organization" like the CCSD can be served by "delivering a copy of the summons and complaint to its chief executive officer or . . . by serving a copy of each in the manner prescribed by that state's law for serving . . . like process on such a defendant); NEV. R. CIV. P. 4(e)(3) (providing that, "[w]henever a statute provides for service, service may be made under the circumstances and in the manner prescribed by the statute"); NEV. REV. STAT. § 41.031(2) (providing that, in an action against a political subdivision of the State of Nevada, the summons and a copy of the complaint must be served upon "(a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; and (b) The person serving in the office of administrative head of the named agency").

[6] *See* FED. R. CIV. P. 4(c)(2); *accord* NEV. R. CIV. P. 4(c).

[7] ECF 3.

[8] *Id.* at 6.

2

IT IS FURTHER ORDERED that service is to be effected through the U.S. Marshal's office. **The Clerk of Court is instructed to send blank copies of the USM-285 form to Johnson.**

IT IS FURTHER ORDERED that Johnson has until March 7, 2016, to complete a separate AO 440 Summons in a Civil Action form for the Clark County School District and for the Nevada Attorney General and submit these completed forms to the Clerk of Court to be issued. In completing the AO 440 forms, Johnson is cautioned that she must supply the address for the office of the Attorney General in Carson City, Nevada, and the address for the office of the administrative head of the Clark County School District.[9] Johnson then has seven days from receipt of the required USM-285 forms from the Clerk of Court to fill them out and deliver the completed USM-285 forms, along with copies of the issued summonses and two copies of the complaint, to the U.S. Marshal for service. Within three days after Johnson receives the completed USM-285 forms back from the U.S. Marshal, she must file a notice with the court identifying if the Clark County School District, the Attorney General, or both were served.

If Johnson fails to properly and timely serve the Clark County School District and Nevada Attorney General, this action will be dismissed without further notice.

DATED: March 1, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[9] The address that Johnson previously provided for the Clark County School District—2832 E. Flamingo Rd., Las Vegas, Nevada 89121—appears to be the location of the school district's human resources department, not where its administrative office is located.