**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sherrie Johnson, | Case No.: 2:14-cv-02213-JAD-VCF |
| Plaintiff | **Order Granting Motion to Dismiss and Closing Case** |
| v. | |
| Clark County School District, | **[ECF No. 30, 33]** |
| Defendant | |

Sherrie Johnson brings this employment action against the Clark County School District ("CCSD").[1]  The service history of this 18-month old case is long and tortured.  Despite extensions of time and detailed instructions from the court, it appears that the plaintiff still has not effectuated legal service on the CCSD.  I therefore grant the CCSD's motion to dismiss under FRCP 4(m) and close this case.

**Procedural History**

Johnson filed this action in December 2014.  Although a summons was issued for the CCSD on May 6, 2015,[2] Johnson did not promptly file proof of service.  So, on August 5, 2015, when it appeared that Johnson had not served the CCSD within the 120-day window that Rule 4 of the Federal Rules of Civil Procedure gave her for service,[3] the court notified Johnson of its intent to dismiss this case under FRCP 4(m) if she could not demonstrate that the CCSD was timely and properly served or show good cause for her failure to effectuate timely service.[4]

Johnson responded with a document that reflects she mailed something to the CCSD via certified mail and that the CCSD received that package on June 27, 2015.  She states that she "sent the summit [sic] out on time" and that the "CCSD received a letter 6/27/2015" but had not contacted

---

[1] ECF 4.

[2] ECF 15.

[3] Effective December 1, 2015, the service period under 4(m) was shortened to 90 days.

[4] ECF 18.

her.[5]  Johnson then moved the Clerk of Court to enter a default against the CCSD.[6]  Because it

appeared that Johnson had not served the CCSD with process in the manner required under NRS

41.031(2)—by serving both the Nevada Attorney General's office and the administrative head of the

CCSD with the summons and a copy of the complaint—I denied her motion for default and ordered

Johnson to show cause by February 15, 2016, why this case should not be dismissed without

prejudice under FRCP 4(m).[7]

Johnson responded with a certified-mail receipt purportedly signed by the CCSD on June 22,

2015, a statement that she gave verbal notice of the "lost documents" to a woman in the CCSD's

"internal legal department,"[8] and a notice stating that she had mailed and emailed "[i]t" to the

attention of the Nevada Attorney General on February 6, 2016.[9]  Although Johnson believed that her

efforts were sufficient to serve the administrative head of the CCSD and that she had cured the

defect in failing to serve the Attorney General's office, I found this not to be the case.  Neither verbal

communication nor dispatching the summons and complaint through email or the U.S. mail system

(even certified mail) is sufficient to effectuate service of process under the Nevada or federal rules;

both rules require personal service,[10] which means hand-delivery to the individual, or to the

individual's authorized agent, by someone who is at least 18 years old and not a party to the

---

[5] ECF 19 at 1.

[6] ECF 20.

[7] ECF 21.

[8] ECF 22; ECF 23.

[9] ECF 24.

[10] *See e.g.* FED. R. CIV. P. 4(j)(2) (providing that a "state-created governmental organization" like the CCSD can be served by "delivering a copy of the summons and complaint to its chief executive officer or . . . by serving a copy of each in the manner prescribed by that state's law for serving . . . like process on such a defendant"); NEV. R. CIV. P. 4(e)(3) (providing that, "[w]henever a statute provides for service, service may be made under the circumstances and in the manner prescribed by the statute"); NEV. REV. STAT. § 41.031(2) (providing that, in an action against a political subdivision of the State of Nevada, the summons and a copy of the complaint must be served upon "(a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; and (b) The person serving in the office of administrative head of the named agency").

1  litigation.[11]  Because Johnson's efforts to serve the CCSD and Attorney General remained deficient

2  by March of this year and the time to serve process under FRCP 4(m) had expired, I quashed this

3  purported service and gave Johnson until March 31, 2016, to serve the CCSD and the Attorney

4  General in accordance with the applicable law.[12]  And because Johnson has pauper status,[13] I also

5  ordered her to use the U.S. Marshal Service to complete that service, and I provided clear

6  instructions for doing so.[14]  I warned Johnson that, if she failed "to properly and timely serve the

7  Clark County School District and Nevada Attorney General, this action [would] be dismissed

8  without further notice."[15]

9       Johnson did not use the U.S. Marshal's service, and the proof-of-service documents she has

10  filed show only that the CCSD and the Attorney General were served with a summons and an order

11  (but no complaint) on March 22, 2016,[16] and March 29, 2016,[17] respectively.  CCSD now moves to

12  dismiss her claims because she still has not served it with complete and legal service of process (a

13  summons *and complaint*).[18]  Despite a warning of the consequences of failing to oppose that

14  motion,[19] Johnson has filed no opposition, and the deadline for her response has long-since passed.

15

16

17

18

19

---

20  [11] *See* FED. R. CIV. P. 4(c)(2); *accord* NEV. R. CIV. P. 4(c).

21  [12] ECF No. 25.

22  [13] ECF No. 3.

23  [14] *Id*.

24  [15] ECF No. 25 at 3.

25  [16] ECF No. 27.

26  [17] ECF No. 28 at 1.

27  [18] ECF No. 30.

28  [19] ECF No. 32.

**Discussion**

**A.      Motion to Dismiss**

Rule 4(c)(1) of the Federal Rules of Civil Procedure makes it clear that "A summons must be served with a copy of the complaint," and that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)" and "furnish[ing] the necessary copies to the person who makes service."[20]  Despite repeated, clear instructions, the use of the U.S. Marshal's office, and extensions of the Rule 4(m) service period, plaintiff Sherrie Johnson has failed for a year and a half to effectuate proper legal service on the CCSD in the manner required under NRS 41.031(2)—by serving both the Nevada Attorney General's office and the administrative head of the CCSD with the summons and a copy of the complaint.  Rule 4(m) requires the court to "dismiss this case without prejudice against the defendant or order that service be made within a specified time."  Because I have already given extensions of time under Rule 4(m), and the plaintiff remains unable to effectuate proper and complete legal service, I now dismiss this complaint without prejudice under FRCP 4(m).

**B.      Motion for Entry of Clerk's Default**

While the CCSD's motion to dismiss was pending, Johnson filed a request for the Clerk of Court to enter a default against the CCSD "for [d]efendant not answering 3/22/2016 Summons Received by CCSD."[21]  The Clerk of Court is authorized to enter a party's default if that party has failed to plead "or otherwise defend."[22]  The CCSD is otherwise defending this lawsuit: it filed a timely motion to dismiss.[23]  Accordingly, plaintiff is not entitled to the entry of default.

---

[20] Fed. R. Civ. P. 4(c)(1).

[21] ECF No. 33.

[22] Fed. R. Civ. P. 55(a).

[23] ECF No. 30.

**Conclusion**

Accordingly, and with good cause appearing, IT IS HEREBY ORDERED that the defendant's Motion to Dismiss for Insufficiency of Service of Process **[ECF No. 30] is GRANTED; this action is DISMISSED under Rule 4(m) without prejudice**;

IT IS FURTHER ORDERED that plaintiff's request for the Clerk to enter default against the CCSD **[ECF No. 33] is DENIED**;

The Clerk of Court is directed to **CLOSE THIS CASE.**

DATED: June 3, 2016

_____
Jennifer A. Dorsey
United States District Judge